IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KATHEY SHEPPARD, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD RUSSELL, in his official and individual capacity; <br><br> John Does, in their individual and official capacities. <br><br> Defendants. | CIVIL ACTION NO.: 1:22-cv-58 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Kathey Sheppard, by and through her attorneys, and submits this complaint for deprivation of her Fourth and Fourteenth Amendment constitutional rights to be free from unlawful seizures of her person, excessive use of force and unlawful detention based upon false sworn statements by Deputy Richard Russell who was at all times acting under the color of state law as an employee of the Richmond County Sheriff's Department.  This is an action brought under 42 U.S.C. §1983 to hold Deputy Sheriff Richard Russell accountable for his unreasonable, unlawful, and malicious violation of the Plaintiff's rights on May 16, 2020, when he, without probable cause, forced the Plaintiff out of the car at gun point, choked her and used a balance displacement technique to take her to ground at gun point, and then arrested her and swore out a warrant for a crime that she did not commit based upon false information which would have clearly been shown by Deputy Russell's body cam but video from when he approached the Plaintiff does not appear to exist on body cam. Plaintiff alleges as follows:

Page 1 of 13

## JURISDICTION AND VENUE

1. This Complaint seeks remedies pursuant to 42 U.S.C. §§1983 and 1988, alleging violations of the Fourth Amendment and Fourteenth Amendment to the Constitution of the United States of America, as well as the Constitution of the State of Georgia.

2. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C §§1331,1343, and 1367.

3. Venue is proper before this Honorable Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The Plaintiff, Kathey Sheppard ("Plaintiff"), is a resident of Richmond County, and at all times relevant hereto, resided in the City of Augusta, Georgia.

### Defendant Richard Russell

5. At all times relevant hereto, Defendant Richard Russell ("Russell") was employed by the Richmond County Sheriff's Office ("RCSO") and was acting under the color of state law.

6. Defendant Russell may be served through the Richmond County Sheriff's Office located at 400 Walton Way, Augusta, Georgia 30901 or at his home address.

7. A copy of this complaint and summons is also being delivered to: Department of Administrative Services Commissioner at 200 Piedmont Avenue, Suite 1804WT, Atlanta, GA 30334 and to the Office of the State Attorney General at 40 Capitol Square, SW, Atlanta, GA 30333.

8. As the evidence may show, John Does, who were employed by Richmond County Sheriff's Department and acting under the color of State law may be also liable for the unlawful actions contained herein.

## FACTS

### Defendant Russell's Unlawful Seizure of the Plaintiff

9. The Plaintiff, a black female, was a 51 year old mother and grandmother who worked for Richmond County Board of Education for over 20 years as a custodian.

10. On May 16, 2020, Plaintiff was visiting her mother and family, along with her grandkids in Lake Holmstead.

11. Plaintiff had a lawful right to be there.

12. It was daytime and Plaintiff had lawfully parked her car in a parking spot.

13. As justification for his actions, in his incident report, Defendant Russell claims that, on May 15, 2020, a day before the incident, he observed a white Ford Mustang stopped in the middle of B Street.

14. Defendant Russell states that the driver saw his car and pulled off at a high rate of speed.

15. When Defendant Russell located the car later, the vehicle was unoccupied and unlocked.

16. Defendant Russel stated in his report that he was unable to identify the driver.

17. Defendant Russell states that the following day, on May 16, 2020, he observed the same white Ford Mustang parked in the middle of B Street.

18. The car backed into a parking spot, and he saw a skinny black male exit the vehicle and flee into 2113 B Street.

19. Defendant Russell did not see the black male commit a crime.

20. Defendant Russell then saw a black female get in the driver's seat of the car.

21. Defendant Russell did not see the black female commit a crime.

22. Defendant Russell states he approached the car to investigate the evasive driving on May 15, 2020, and he wanted to confirm the vehicle was not stolen.

23. Defendant Russell had no reasonable basis to believe that the car was stolen or that any illegal activity was taking place.

24. Defendant Russell did not have reasonable suspicion to believe that the black female, Kathey Sheppard, had committed any crime.

25. Defendant Russell states in his incident report that he approached the vehicle and smelled air freshener.

26. Plaintiff and other witnesses state that Defendant Russell blocked her in her vehicle, and with his gun drawn on her he told her to get out the car using profane words.

27. The Plaintiff held her hands up and complied with Defendant Russell's commands.

28. Defendant Russell grabbed the Plaintiff out of the car with his gun drawn on her and threw her against the car with his elbow on her neck where she could not breathe.

29. The Plaintiff did not feel free to leave and was petrified by the gun being pulled on her and the physical force that Defendant Russell was using on her.

30. Defendant Russell seized the Plaintiff at this point without reasonable suspicion that she had committed a crime.

31. Defendant Russell seized the Plaintiff without probable cause to believe that she had committed a crime.

32. Defendant Russell claims that while he was questioning Plaintiff, she reached for a gun located in the center console and was non-compliant with his verbal commands.

33. Defendant Russell claims that Plaintiff did not comply with his attempt to place her in handcuffs, so he used his bodyweight to push her on the hood of the car and then used "a balance displacement technique" to take her to the ground.

34. Plaintiff did not resist.

35. Plaintiff did not place her hand on the gun.

36. Plaintiff did not offer to do violence or place the deputy in any harm or danger.

37. Plaintiff held her hands outside the car as described by witnesses on the scene in the body cam footage.

38. For some reason, Defendant Russell's body camera footage only begins as he is already wrestling Plaintiff to the ground with his gun in her back.

39. The State does not have body cam of Deputy Russell showing the beginning of the encounter when he first approached the vehicle.

40. Deputy Russell's body cam was not working at this point or was not turned on at this point.

41. Plaintiff did repeatedly question Defendant Russell as to what she did.

42. Plaintiff did not pose any threat to Defendant Russell.

43. Plaintiff is thrown to the ground and held on the ground with a gun to her side without probable cause to believe she had committed a crime.

44. Plaintiff suffers from anxiety attacks and lets the officers know that on the body cam.

45. Defendant Russell states he saw a gun in plain view.

46. Other officers who later arrived on the scene had difficulty locating the weapon Defendant Russell claimed Plaintiff reached for as only a small part of the handle could be seen as it was far down in between the console and seat when the second deputy went to the car to locate the gun.

47. The Plaintiff almost passed out due to the physical actions of Defendant Russell.

48. Defendant Russell seized the Plaintiff without probable cause.

49. Defendant Russell used unnecessary and excessive force against the 51 year old Plaintiff when he pointed the gun at her, when he choked her, when he used the balance displacement technique, pushed her into the vehicle, when he threw her to the ground, and when he held her on the ground with a gun thrust into her back and his knee on her back.

## Defendant Russell falsified his police report

50. Defendant Russell placed Plaintiff in handcuffs and charged her with committing the offense of Obstruction of a Law Enforcement Officer in violation of O.C.G.A. § 16-10-24.

51. In his sworn affidavit in support of the arrest warrant, Defendant Russell claimed, "while patrolling the area, Deputy Russell, observed a white new model Ford Mustang bearing Tennessee Tag number 3S37N4 stopped in the middle of the street. The driver fled upon the observance of the patrol vehicle. A chase ensued and Deputy Russell lost sight of the vehicle which was later found parked and vacant. The accused was apprehended and taken into custody after the same vehicle was stopped in the middle of the same street the following day. Said offense occurred at 2113 B Street, in Augusta, Richmond County, Georgia.

52. Defendant Russell's affidavit caused the Plaintiff to be arrested based upon the allegation that on May 15, 2020, the driver who fled and Ms. Sheppard who was apprehended was stopped in the middle of same street the following day.

53. However, Defendant Russell claimed in his case report that when he saw the same car on the second day, May 16, 2020, it was initially occupied by a "skinny black male between 4'11' and 5'1" approximately 120 pounds…" who fled on foot.

54. When he approached Plaintiff and detained her, Defendant Russell had no reasonable suspicion or probable cause to believe that Plaintiff had just committed a crime, was in the process of committing a crime, or was about to commit a crime.

55. Defendant Russell claims he wanted to confirm the vehicle had not been stolen or involved in other illegal activity.

56. However, the car had not been reported stolen by the renter or the rental company, a fact Defendant Russell had already confirmed the day prior.

57. The car was not stopped in the middle of the street when Defendant Russell approached Plaintiff in the car but was legally parked in a parking spot.

58. Defendant Russell saw that it was a female in the car and he lacked reasonable suspicion to believe that she, Mrs. Sheppard, had committed a crime the day before.

59. Defendant Russell saw the car legally parked, and he lacked probable cause to seize her at gun point when he did not see her commit any sort of a crime.

60. Defendant Russell filed inconsistent and false incident report and affidavits to justify arresting the Plaintiff for obstruction of an officer.

61. Defendant Russell was not acting within his lawful use of authority so the obstruction of an officer charge was unjustified and constitutes an unlawful arrest.

62. Since the facts in the incident report did not match the warrant and the inconsistencies could not be overcome, the State *nolle prosequi* the Obstruction of Law Enforcement charge against the Plaintiff. (Ex. A).

**Plaintiff's Unlawful Arrest and Detention Based Upon Defendant Russell's false affidavit**

63. Plaintiff was placed in handcuffs, put in the back of the hot police car, and arrested for Obstruction of Law Enforcement Officer.

64. She suffers from anxiety and urinated on herself during the arrest and while being taken to the Richmond County Jail.

65. Plaintiff and her family had to post bond for her to be released.

66. Plaintiff spent approximately 16 hours in the Richmond County Jail for a crime that she did not commit.

67. Plaintiff had her freedom guaranteed to her by the Fourth and Fourteenth Amendment taken away based upon false allegations by Defendant Russell.

68. Plaintiff anticipates the evidence may show that Defendant Russell has a history of seizing African American citizens without reasonable suspicion or probable cause, subjecting them to unreasonable searches and seizures, and treating them with the utmost disrespect and using force which should be considered unreasonable, unlawful, and an abuse of power while acting under the color of State law and submits claims against John Does as the evidence may show that they had knowledge of such events or covered them up.

## COUNT I

**42 U.S.C. §1983 - Violation of the 4th and Fourteenth Amendment of the Constitutions of the United States and Georgia by detaining and arresting Plaintiff without reasonable suspicion or probable cause**

69. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-68, as if fully set forth herein.

70. Defendant Russell, while acting under the color of the law, violated Plaintiff's constitutional rights by seizing, arresting, and charging her without probable cause or reasonable suspicion.

71. Defendant Russell's actions violated clearly established constitutional rights guaranteed to Plaintiff by the Fourth Amendment and Fourteenth Amendment of the United States

Constitution and Georgia Constitution to be free from unreasonable searches and seizures.

72. Defendant Russell's actions were not taken in good-faith and were in violation of clearly established law.

73. Defendant Russell unlawfully seized Plaintiff when he approached her with his gun drawn and pointed at her face and ordered her to exit the car without reasonable suspicion or probable cause to believe that she was the driver that fled from him on May 15, 2020.

74. At no time did Defendant Russell have reasonable suspicion or probable cause to believe that Plaintiff committed a crime on May 16, 2020.

75. Defendant Russell unlawfully seized Plaintiff by physically restraining, choking, and pinning Plaintiff to the ground with his gun pointed into her back while he lacked reasonable suspicion that she was committing a crime or had committed a crime.

76. Defendant Russell had the Plaintiff unlawfully seized by falsifying his arrest warrant affidavit and claiming that she obstructed law enforcement.

77. To the extent Defendant Russell claims her arrest was lawful due to her noncompliance with his commands, Defendant Russell's commands were unlawful.

78. To the extent Defendant Russell claims her arrest was lawful due to her noncompliance with his commands, Plaintiff and witnesses to the event submit that she complied with his commands.

79. Plaintiff did not offer to do violence or threaten the safety of Defendant Russell.

80. Plaintiff had a Second amendment right to have a gun in the car and she committed no crime.

81. Defendant's actions show a reckless and deliberate indifference for the law and safety of the Plaintiff and the safety of all residents and visitors to Richmond County.

## COUNT II

**42 U.S.C. §1983 - Violation of the 4th and Fourteenth Amendment of the United States and Georgia Constitution for use of excessive force in detaining and arresting Plaintiff**

82. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-81, as if fully set forth herein.

83. Plaintiff had a clearly established Fourth and Fourteenth Amendment right to be free from the use of excessive force. Any force used against her was required to be objectively reasonable under the totality of the circumstances.

84. Defendant Russell used excessive force at the time he unreasonably and unlawfully pointed a weapon at Plaintiff, used expletives, where she had not committed any crime.

85. Defendant Russell used excessive force at the time he unreasonably and unlawfully pulled Plaintiff from the car, choked her, and used a balance displacement technique to take her to the ground, and held her there at gun point.

86. Defendant Russell's actions were unnecessary, unreasonable, unlawful, and unjustified.

87. As a direct and proximate result of the Defendants' unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of her freedom, payment of bail money, medical bills, monetary damages, severe emotional distress, mental anguish, embarrassment, humiliation, fear, and physical pain and suffering.

88. Defendant Russell's intentional, egregious, and evil actions warrant an award of punitive damages to the fullest extent permitted by law. *Smith v. Wade*, 461 U.S. 30 (1983).

89. Defendant Russell's actions show a reckless and deliberate indifference for the law and safety of the Plaintiff and the safety of all residents and visitors to Richmond County.

## COUNT III

### 42 U.S.C. §1983 - Violation of the 4th and 14th Amendments of the United States Constitution and Georgia based upon false allegations in arrest warrant

90. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-89, as if fully set forth herein.

91. Defendant Russell, while acting under the color of the law, violated Plaintiff's constitutional rights by charging her without actual probable cause and by falsifying documents to create probable cause.

92. Defendant Russell's actions violated clearly established constitutional rights guaranteed to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution.

93. As a result of Defendant Russell's false statements in his affidavit, the judicial officer issued the arrest warrant and Plaintiff was deprived of her freedom for sixteen (16) hours, which were spent in the Richmond County jail.

94. Defendant's actions show a reckless and deliberate indifference for the law and safety of the Plaintiff and the safety of all residents and visitors to Richmond County.

## DAMAGES

### Plaintiff's Physical, Mental, and Financial Injuries

95. As a result of Defendant Russell's unlawful use of force, Plaintiff has difficulty speaking.

96. As a result of Defendant Russell's unlawful seizure, detention and use of force, the Plaintiff has suffered mental and emotional stress.

97. Plaintiff had to post bail to get released from the unlawful seizure and detention.

98. Plaintiff had to deal with the stress of notice for Court.

99. As a result of Defendant Russell's unlawful seizure, detention and use of force, the Plaintiff has a fear of police officers and feels unsafe in her own community.

100. Plaintiff obtained medical treatment at Augusta University Health.

101. Plaintiff had to undergo physical therapy.

102. Plaintiff has suffered physical, emotional and monetary damages as a result of Defendant Russell's unlawful seizure, use of force, and detention in the county jail.

103. Defendant Russell's actions show a reckless and deliberate indifference for the law and safety of the Plaintiff and the safety of all residents and visitors to Richmond County.

104. Plaintiff seeks damages in the amount as determined by the enlightened conscience of the jury.

**WHEREFORE**, the Plaintiff, Kathey Sheppard, demands judgment against the Defendants for:

a) Compensatory damages for all past and future economic losses and expenses incurred by the Plaintiff because of Defendants Russell's misconduct;

b) General damages for all past and future physical pain, mental suffering, and emotional distress suffered by the Plaintiff;

c) Punitive damages to the fullest extent permitted by law;

d) Pre-judgment and post-judgment interest;

e) Declare that the Defendant Russell's actions, was taken while acting under the color of state law and violates the Fourth and Fourteenth Amendment to the United States Constitution;

f) Declare that Defendant Russell's actions and those of any John Does, were taken in their individual and official capacities, as alleged above, violate the Fourth and Fourteenth Amendment to the United States Constitution;

g) Terminate Defendant Russell's employment relationship with the RCSO, without severance and report incidents to POST;

h) Determine that Defendant Russell is not eligible for rehire and inform future employees of the same;

i) Order the Richmond County Sheriff's Department to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described herein as the actions of Defendant Russell were conducted under the color of state law and as an employee of the RCSO and he was not disciplined for it;

j) Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988; and

k) Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 14th day of May, 2022.

    /s/ Tanya D. Jeffords
Tanya D. Jeffords (Bar No. 390055)
Kenneth S. Ratley (Bar No. 359246)
Attorneys for Plaintiff

Law Offices of Tanya D. Jeffords
and Associates, P.C.
437 Walker Street
Augusta, GA 30901
(706) 722-3019