IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KATHEY SHEPPARD,

   Plaintiff,

v.

RICHARD RUSSELL, in his official and
individual capacity; JOHN DOES, in their
official and individual capacities,

   Defendants.

CASE No.: 1:22-cv-58

## ANSWER

COMES NOW Defendant Richard Russell, and files this Answer to Plaintiff's
Complaint, showing the Court the following:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of qualified and official
immunity.

### FOURTH DEFENSE

Plaintiff's claims fail due to lack of subject matter jurisdiction.

### FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by immunity pursuant to the 11th
Amendment of the United States Constitution.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation, and the equitable doctrines of laches, waiver, and estoppel.

**SEVENTH DEFENSE**

Plaintiff's official capacity claims are not cognizable under § 1983.

**EIGHTH DEFENSE**

To the extent that Plaintiff has alleged any state law claims, Plaintiff fails to provide proof that an ante litem notice was served on Defendant.

**NINTH DEFENSE**

Defendant denies that he unlawfully arrested Plaintiff, and Defendant denies that he used excessive force.

**TENTH DEFENSE**

Plaintiff's claims against John Does constitute improper fictious party pleading.

**ELEVENTH DEFENSE**

Defendant denies that his actions were egregious, evil, or malicious and denes that Plaintiff is entitled to any punitive damages.

**TWELFTH DEFENSE**

Defendant hereby reserves the right to assert additional defenses which may become available.

**THIRTEENTH DEFENSE**

Defendant hereby responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. The substance of paragraph 1 is introductory such that a response is not required. To the extent that a response is required, Defendant is without sufficient

information to admit or deny the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. The substance of paragraph 2 is introductory such that a response is not required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. The substance of paragraph 3 is introductory such that a response is not required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits only that Richard Russell was employed by the Richmond County Sheriff's Office.

6. Defendant admits only that Richard Russell may be served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

7. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. To the extent that paragraph 13 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

14. To the extent that paragraph 14 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

15. To the extent that paragraph 15 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

16. To the extent that paragraph 16 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

17. To the extent that paragraph 17 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

18. To the extent that paragraph 18 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

19. To the extent that paragraph 19 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

20. To the extent that paragraph 20 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

21. To the extent that paragraph 21 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

22. To the extent that paragraph 22 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. To the extent that paragraph 25 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

26. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. To the extent that paragraph 32 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

33. To the extent that paragraph 33 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

34. Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. Defendant is without sufficient evidence to admit or deny the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. To the extent that paragraph 45 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

46. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. Defendant admits the allegation set forth in paragraph 50 of Plaintiff's Complaint.

51. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. To the extent that paragraph 53 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

54. Defendant denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. To the extent that paragraph 55 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

56. To the extent that paragraph 56 of Plaintiff's Complaint references Plaintiff's case report related to the subject incident, the case report speaks for itself.

57. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 62 of Plaintiff's Complaint. For further answer, Defendant admits only that the State's Nolle Prosequi speaks for itself.

63. Defendant admits only that the Plaintiff was placed in handcuffs, put in the back of a patrol car, and arrested for Obstruction of Law Enforcement Officer.

64. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 64 of Plaintiff's Complaint.

65. Defendant is without sufficient evidence to admit or deny the allegations set forth in paragraph 65 of Plaintiff's Complaint.

66. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations set forth in paragraph 67 of Plaintiff's Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69. Defendant incorporates as if restated herein his responses set forth in paragraphs 1 through 68 above.

70. Defendant denies the allegations set forth in paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations set forth in paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations set forth in paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations set forth in paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations set forth in paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations set forth in paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations set forth in paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations set forth in paragraph 81 of Plaintiff's Complaint.

82. Defendant incorporates as if restated herein his responses set forth in paragraphs 1 through 81 above.

83. Defendant admits only that the Fourth and Fourteenth Amendments speaks for themselves.

84. Defendant denies the allegations set forth in paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations set forth in paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations set forth in paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations set forth in paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations set forth in paragraph 88 of Plaintiff's Complaint.

89. Defendant denies the allegations set forth in paragraph 89 of Plaintiff's Complaint.

90. Defendant incorporates as if restated herein his responses set forth in paragraphs 1 through 89 above.

91. Defendant denies the allegations set forth in paragraph 91 of Plaintiff's Complaint.

92. Defendant denies the allegations set forth in paragraph 92 of Plaintiff's Complaint.

93. Defendant denies the allegations set forth in paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations set forth in paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations set forth in paragraph 95 of Plaintiff's Complaint.

96. Defendant denies the allegations set forth in paragraph 96 of Plaintiff's Complaint.

97. Defendant denies the allegations set forth in paragraph 97 of Plaintiff's Complaint.

98. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 98 of Plaintiff's Complaint.

99. Defendant denies the allegations set forth in paragraph 99 of Plaintiff's Complaint.

100. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 100 of Plaintiff's Complaint.

101. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations set forth in paragraph 102 of Plaintiff's Complaint.

103. Defendant denies the allegations set forth in paragraph 103 of Plaintiff's Complaint.

104. Defendant denies the allegations set forth in paragraph 104 of Plaintiff's Complaint.

## FOURTEENTH DEFENSE

Defendant denies each and every requested prayer for relief set forth in Plaintiff's Complaint.

## FIFTEENTH DEFENSE

To the extent that an answer to any allegation was omitted or not otherwise responded to above, Defendant hereby denies all such allegations.

**Wherefore**, Defendant prays that this Court:

a. Dismiss Plaintiff's Complaint with prejudice;

b. Grant judgment to Defendant;

c. Assess all costs against Plaintiff; and

d. Award such other and further relief as just and proper.

Respectfully submitted this 21st day of June 2022.

/s/Tameka Haynes

**Randolph Frails**
Georgia Bar No.: 272729
**Tameka Haynes**
Georgia Bar No.: 453026

*Attorneys for Defendant*

**Frails & Wilson LLC**
211 Pleasant Home Rd. Suite A-1
Augusta, Georgia 30907
Telephone: 706.855.6715
Facsimile: 706.855.7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KATHEY SHEPPARD,

   Plaintiff,

v.

RICHARD RUSSELL, in his official and
individual capacity; JOHN DOES, in their
official and individual capacities,

   Defendants.

CASE No.: 1:22-cv-58

## **CERTIFICATE OF SERVICE**

    This is to certify that the within and foregoing **Answer** was served upon the following party in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system or by mailing a copy via United States Mail with adequate postage attached thereon to:

Tanya D. Jeffords
Kenneth S. Ratley
Law Offices of Tanya D. Jeffords and Associates, P.C.
437 Walker Street
Augusta, GA 30901
tjeffords@jeffordslaw.com
kratley@jeffordslaw.com

    This 21st day of June 2022.

/s/Tameka Haynes_____
**Randolph Frails**
Georgia Bar No.: 272729
**Tameka Haynes**
Georgia Bar No.: 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Rd. Suite A-1
Augusta, Georgia 30907
Telephone: 706.855.6715
Facsimile: 706.855.7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com