IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUTSA DIVISION

| | |
|---|---|
| KATHY SHEPPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 122-058 |
| ) | |
| RICHARD RUSSELL and JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Strike, (doc. no. 6), and Defendant Russell's Motion to Amend Answer, (doc. no. 7). Plaintiff seeks to strike paragraphs 13-22, 25, 32, 33, 45, 53, 55, and 56 of Defendant Russell's answer as unresponsive or, in the alternative, require Defendant to amend his answer to comply with Rule 8 of the Federal Rules of Civil Procedure. (See doc. no. 6.) Specifically, Plaintiff seeks to strike the phrase "the case report speaks for itself" from throughout Defendant Russell's answer. (Id.) In response, Defendant Russell seeks to amend those seventeen paragraphs by removing the contested phrase and inserting more specific explanations. (See doc. no. 7-1.)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although reflective of 'the inherent power of the Court to prune down

pleadings,' motions to strike are drastic, generally disfavored remedies." Tomason v. Stanley, 297 F.R.D. 541, 544 (S.D. Ga. 2014) (internal citations omitted).  Therefore, a motion to strike will generally "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Payne v. J.B. Hunt Transp., Inc., 154 F. Supp. 3d 1310, 1317 (M.D. Fla. 2016) (quoting Seibel v. Soc'y Lease, Inc., 969 F.Supp. 713, 715 (M.D. Fla.1997)).

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading more than twenty-one days after serving it "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Courts should freely allow amendment. See Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).

Here, the Court finds no reason to deny Defendant Russell's motion to amend his answer.  There is no evidence or suggestion of bad faith, futility, or unfair prejudice.  As the Court favors amendment and adjudication upon the merits, Plaintiff's motion to strike should be denied.  Accordingly, the Court **DENIES** Plaintiff's motion to strike, (doc. no. 6), and **GRANTS** Defendant Russell's motion for leave to file an amended answer, (doc. no. 7).  The

Court **DIRECTS** the Clerk to docket Defendant Russell's proposed amended answer, (doc. no. 7-1), as a stand-alone entry on the docket.

SO ORDERED this 22nd day of July, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA